**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4176**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DARNELL ANTHONY YOUNG, a/k/a DJ Nelly Nell, a/k/a Nelly,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:06-cr-00491-WDQ-1)

———————

Submitted:  August 24, 2011        Decided:  September 7, 2011

———————

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary A. Ticknor, Elkridge, Maryland, for Appellant.   Rod J.
Rosenstein,  United  States  Attorney,  Tonya  Kelly  Kowitz,
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Darnell Anthony Young of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and the district court sentenced him to 136 months' imprisonment. In Young's first appeal, we affirmed Young's conviction but vacated his sentence and remanded for resentencing. United States v. Young, 609 F.3d 348, 359 (4th Cir. 2010). On remand, the district court rejected Young's arguments for a downward variance and sentenced Young to 188 months' imprisonment. Young again appeals, arguing that the district court's sentence was procedurally unreasonable. Finding no error, we affirm.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular

2

facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).

"'Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. at 328 (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). Upon review, we conclude that the district court adequately addressed Young's nonfrivolous reasons for a downward variant sentence before rejecting them and did not abuse its discretion in imposing a sentence at the bottom of the advisory Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly preserved procedural sentencing error); see also Gall, 552 U.S. at 46.

Accordingly, we affirm the district court's judgment sentencing Young to 188 months' imprisonment. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
